LUCERO, Circuit Judge,
concurring.
I join the majority opinion in full, but wish to make a brief point regarding the potential for corporate attorneys to mislead employees. Merida argues that the attorneys caused him to subjectively believe that a privilege applied. The majority implicitly rejects this argument. I write separately to make that rejection explicit.
We have held that a “personal privilege does not exist merely because the officer reasonably believed that he was being represented by corporate counsel on an individual basis.” In re Grand Jury Subpoenas, 144 F.3d 653, 659 (10th Cir.1998). But we have not considered the situation before us here: at Merida’s deposition, counsel for the Nation stated the conversation was “covered by the attorney/client privilege because you do work for the Choctaw Nation.” Thus, the question becomes whether a corporate attorney’s statements arguably suggesting to a reasonable layperson that a personal privilege exists may trigger the privilege. Assuming without deciding that such communications could trigger the privilege, I nevertheless reject Merida’s contentions that: (1) the attorney’s comments would have led a reasonable layperson to believe that the privilege applied; and (2) Merida subjectively believed the privilege applied.
Considering the attorney’s comments in isolation, I agree that a layperson might have missed the nuance that the Nation, and not Merida, held the privilege. Attorneys should be more precise in their explanations. However, the circumstances surrounding the conversation demonstrate it would be unreasonable for Merida to believe the conversation was privileged. Mer-ida spoke to the attorneys only because his superior sent him to do so, and the attorneys told him that the purpose of the conversation was to aid the Nation in an ongoing civil trial. Thus, it would be unreasonable to interpret the attorney’s statements as suggesting that Merida could decide which of his statements could be used in that investigation or referenced in that trial.
Moreover, Merida’s statements to the attorneys demonstrate that he did not believe the privilege applied, in part because his statements were false. Cf. United States v. Zolin, 491 U.S. 554, 562, 109 S.Ct. *1214 2619, 105 L.Ed.2d 469 (1989) (“[C]ourts long have viewed [the attorney-client privilege’s] central concern as one to encourage full and frank communication between attorneys and their clients .... That purpose, of course, requires that clients be free to make full disclosure to their attorneys of past wrongdoings.” (quotations omitted)). We need not address whether the privilege would apply had Merida been truthful in his responses. Merida’s dishonesty demonstrates that he did not subjectively believe he held an attorney-client privilege or that his statements would remain confidential.
Neither the majority nor I suggest a precise rule as to when a corporate attorney’s implication that a personal privilege exists would raise a legal bar to introduction of an employee’s statements in criminal proceedings. Whichever test applies, Merida’s argument fails.